UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NAOMI HENEAGE,

        Plaintiff,

 v.

DTE ENERGY; et al.,

        Defendants.

3:11-cv-0686-LRH-WGC

ORDER

    Before the court is defendant Newmont Nevada Energy Investment, LLC's ("NEI") motion to dismiss. Doc. #15.[1] Plaintiff Naomi Heneage ("Heneage") filed an opposition (Doc. #21) to which NEI replied (Doc. #22).

**I.    Facts and Background**

    Heneage is a former supervisory employee of defendant DTE Energy ("DTE") at the TS Power Plant in Dunphy, Nevada. Heneage began her employment with DTE on February 26, 2007.

    Beginning in late 2010, defendant NEI was to begin running the power plant. Prior to NEI's takeover, Heneage was not selected for retention employment. Accordingly, Heneage was terminated by defendant DTE on June 30, 2010.

    In response, Heneage filed a wrongful termination complaint against defendants alleging

---

[1] Refers to the court's docket number.

two causes of action: (1) Title VII discrimination - all defendants; and (2) FMLA retaliation - DTE. Doc. #2. Thereafter, NEI filed the present motion to dismiss. Doc. #15.

## II.     Legal Standard

Defendant NEI seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

(internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III.   Discussion**

The only claim against defendant NEI is Heneage's Title VII claim. Heneage's Title VII claim is based on two theories: (1) that she was not retained by NEI on the basis of her gender; and (2) that she was not retained by NEI in retaliation for her failure to retaliate against her subordinate for instituting a hostile working environment investigation against DTE. *See* Doc. #2. The court shall address each argument below.

**A.   Gender Discrimination**

Title VII prohibits discrimination against an employee or an applicant for employment on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). To prevail on a Title VII discrimination claim, a plaintiff must establish a prima facie case of discrimination by presenting evidence that "gives rise to an inference of unlawful discrimination." *Cordova v. State Farm Ins. Co.*, 124 F.3d 1145, 1148 (9th Cir. 1997); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). A plaintiff can establish a prima facie case of discrimination through the burden shifting framework set forth in *McDonnell Douglas*. *Metoyer v. Chassman*, 504 F.3d 919, 931 (9th Cir. 2007).

Under the *McDonnell Douglas* framework, the plaintiff carries the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. To establish a prima facie case, the plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for her position and was performing her job satisfactorily; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside her protected class were treated

more favorably. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (citing *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1126 (9th Cir. 2000)); *see also, Bodett v. Coxcom, Inc.*, 366 F.3d 726, 743 (9th Cir. 2004); *Orr v. Univ. Med. Ctr.*, 51 Fed. Appx. 277 ("An implicit part of the "qualification" requirement is that the plaintiff was performing her job satisfactorily).

The court has reviewed the documents and pleadings on file in this matter and finds that Heneage has failed to allege a *prima facie* Title VII gender discrimination claim against NEI. In her complaint, Heneage alleges that she was not retained for employment by NEI despite the fact that she met DTE's job qualifications. Yet Heneage fails to allege that she applied for a position with NEI and concedes that she was never employed by NEI. Thus, as a matter of law she cannot bring a Title VII claim against NEI. *See* 42 U.S.C. § 2000e-2(a) (stating that Title VII prohibits discrimination against an *employee or an applicant for employment* on the basis of race, color, religion, sex, or national origin) (emphasis added).

Additionally, Heneage fails to sufficiently plead the other requirements for a Title VII discrimination claim against NEI. Specifically, Heneage does not allege that she was qualified for a supervisory position under NEI's job qualifications and requirements or that other male supervisors with the same qualifications and employment history were treated more favorably and retained by NEI without filing a job application. Therefore, the court finds that Heneage has failed to state a claim for gender discrimination against defendant NEI.

### B. Retaliation

In addition to prohibiting gender discrimination, Title VII also prohibits retaliation by making it unlawful "for an employer to discriminate against any of [its] employees or applicants for employment because [she] has opposed any practice that is made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, a plaintiff must show (1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two. *Brooks*, 229 F.3d at 928 (citing *Payne v. Norwest Corp.*, 113

F.3d 1079, 1080 (9th Cir. 1997)).

Here, as above, Heneage fails to allege that she applied for a position with NEI and concedes that she was never employed by NEI. As such, here retaliation claim fails for the same reason addressed above. *See* 42 U.S.C. § 2000e-2(a) (stating that Title VII prohibits discrimination against an *employee or an applicant for employment* on the basis of race, color, religion, sex, or national origin) (emphasis added).

Additionally, in her complaint, Heneage alleges that she was terminated by DTE in relation for refusing to retaliate against one of her subordinates. These allegations are solely against DTE. Heneage fails to allege that NEI had knowledge of her refusal to retaliation against one of her subordinates while working for DTE or that NEI was carrying out DTE's retaliatory designs by not retaining her as an employee. Therefore, the court finds that Heneage fails to state a claim for retaliation against NEI. Accordingly, the court shall grant NEI's motion to dismiss.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #15) is GRANTED. Defendant Newmont Nevada Energy Investment, LLC is DISMISSED as a defendant in this action.

IT IS SO ORDERED.

DATED this 22nd day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5