UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NAOMI HENEAGE,

    Plaintiff,

v.

DTE ENERGY; et al.,

    Defendants.

3:11-cv-0686-LRH-WGC

ORDER

    Before the court is plaintiff Naomi Heneage's ("Heneage") motion for reconsideration of the court's order granting defendant Newmont Nevada Energy Investment, LLC's ("NEI") motion to dismiss (Doc. #30). Doc. #37.

**I.    Facts and Background**

    Heneage is a former supervisory employee of defendant DTE Energy ("DTE") at the TS Power Plant in Dunphy, Nevada. Heneage began her employment with DTE on February 26, 2007.

    Beginning in late 2010, defendant NEI took over the running of the power plant. Heneage, along with all DTE employees, was terminated by defendant DTE on June 30, 2010, and was not subsequently selected for retention employment with NEI.

    In response, Heneage filed a wrongful termination complaint against defendants alleging two causes of action: (1) Title VII discrimination - all defendants; and (2) FMLA retaliation - DTE. Doc. #2. In response, defendant NEI filed a motion to dismiss (Doc. #15) which was granted by the

court (Doc. #30). Thereafter, Heneage filed the present motion for reconsideration. Doc. #37.

## II.     Discussion

Heneage brings her motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In her complaint, Heneage alleged a single Title VII claim against defendant NEI based on two theories: (1) that she was not retained by NEI on the basis of her gender; and (2) that she was not retained by NEI in retaliation for her failure to retaliate against her subordinate for instituting a hostile working environment investigation against DTE. *See* Doc. #2.

In the court's order granting defendant NEI's motion to dismiss, the court found that she "failed to allege a *prima facie* Title VII gender discrimination claim against NEI" because she failed "to allege that she applied for a position with NEI and [conceded] that she was never employed by NEI." Doc. #30. Thus, the court concluded as a matter of law that she could not bring a Title VII claim against NEI. *See* 42 U.S.C. § 2000e-2(a) (stating that Title VII prohibits discrimination against an *employee or an applicant for employment* on the basis of race, color, religion, sex, or national origin) (emphasis added).

In her motion for reconsideration, Heneage contends that there is newly discovered evidence that she did, in fact, apply for a position at NEI, and thus, the court's order granting NEI's motion to dismiss was in error. *See* Doc. #37.

///

The court has reviewed the documents and pleadings on file in this matter and finds that the court's order concerning Heneage's ability to bring the Title VII action was in error based on the newly discovered evidence. However, the court also finds that reconsideration of the court's order is not warranted. In the court's order granting NEI's motion to dismiss, the court also found that Heneage failed "to sufficiently plead the other requirements for a Title VII discrimination claim against NEI. Specifically, Heneage [did] not allege that she was qualified for a supervisory position under NEI's job qualifications and requirements or that other male supervisors with the same qualifications and employment history were treated more favorably." Doc. #30. Further, it is undisputed that both similarly situated male and female applicants were not chosen for retention employment by NEI. Thus, even with the newly discovered evidence, Heneage has still failed to state a claim for gender discrimination against defendant NEI.

As to the retaliation claim, the court found that Heneage's allegations related solely to defendant DTE and that she had failed to "allege that NEI had knowledge of her refusal to retaliate against one of her subordinates while working for DTE or that NEI was carrying out DTE's retaliatory designs" by not hiring her as an employee. As such, even with the newly discovered evidence of an employment application, Heneage still fails to state a claim for Title VII retaliation. Accordingly, the court shall deny Heneage's motion for reconsideration.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #37) is DENIED.

IT IS SO ORDERED.

DATED this 28th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE