UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NAOMI HENEAGE, ) | |
| ) | |
| Plaintiff, ) | 3:11-cv-0686-LRH-WGC |
| ) | |
| v. ) | ORDER |
| ) | |
| DTE ENERGY; et al., ) | |
| ) | |
| Defendants. ) | |

Before the court is defendant DTE Energy's ("DTE") motion for judgment on the pleadings. Doc. #32.[1] Plaintiff Naomi Heneage ("Heneage") filed an opposition (Doc. #38) to which DTE replied (Doc. #39).

## I. Facts and Background

Heneage is a former supervisory employee of DTE at the TS Power Plant in Dunphy, Nevada. Heneage began her employment with DTE on February 26, 2007.

Beginning in late 2010, defendant Newmont Nevada Energy Investment, LLC ("NEI") took over running the power plant. Heneage, along with all DTE employees, was terminated by defendant DTE on June 30, 2010, and was not subsequently selected for retention employment with NEI.

---

[1] Refers to the court's docket number.

In response, Heneage filed a wrongful termination complaint against defendants alleging two causes of action: (1) Title VII discrimination - all defendants; and (2) FMLA retaliation - DTE. Doc. #2. Thereafter, DTE filed the present motion for judgment on the pleadings. Doc. #32.

**II.  Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). In ruling on a motion for judgment on the pleadings, the court accepts as true all well-pleaded factual allegations by the nonmoving party and construes the facts in the light most favorable to that party. *Id.* Thus, when brought by a defendant, the same legal standard applies to a post-answer Rule 12(c) motion for judgment on the pleadings as applies to a pre-answer Rule 12(b)(6) motion to dismiss for failure to state claim upon which relief can be granted. *See Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(2)(B) (providing the defense of failure to state a claim may be raised by a motion under Rule 12(c)); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (holding that a post-answer Rule 12(b)(6) motion should be treated as a Rule 12(c) motion).

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

///

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III.   Discussion**

Plaintiff Heneage alleges two separate causes of action against defendant DTE: (1) Title VII discrimination; and (2) FMLA relation. Doc. #2. Heneage's Title VII claim is based on two theories: (1) that she was terminated by DTE on the basis of her gender; and (2) that she was terminated by DTE in retaliation for her failure to retaliate against her subordinate for instituting a hostile working environment investigation. The court shall address each claim below.

///

///

3

### A. Gender Discrimination

Title VII prohibits discrimination against an employee or an applicant for employment on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). To prevail on a Title VII discrimination claim, a plaintiff must establish a prima facie case of discrimination by presenting evidence that "gives rise to an inference of unlawful discrimination." *Cordova v. State Farm Ins. Co.*, 124 F.3d 1145, 1148 (9th Cir. 1997); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). A plaintiff can establish a prima facie case of discrimination through the burden shifting framework set forth in *McDonnell Douglas*. *Metoyer v. Chassman*, 504 F.3d 919, 931 (9th Cir. 2007).

Under the *McDonnell Douglas* framework, the plaintiff carries the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. To establish a prima facie case, the plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for her position and was performing her job satisfactorily; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (citing *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1126 (9th Cir. 2000)); *see also, Bodett v. Coxcom, Inc.*, 366 F.3d 726, 743 (9th Cir. 2004); *Orr v. Univ. Med. Ctr.*, 51 Fed. Appx. 277 ("An implicit part of the "qualification" requirement is that the plaintiff was performing her job satisfactorily).

The court has reviewed the documents and pleadings on file in this matter and finds that Heneage has failed to allege a *prima facie* Title VII gender discrimination claim against DTE. In her complaint, Heneage alleges that she was terminated by DTE while other male employees were not terminated and were employed by NEI. However, it is undisputed that *all* DTE employees were terminated and then had to apply for new job openings with defendant NEI. Thus, it is undisputed that she did not suffer any adverse employment action by DTE that other male employees at DTE did not suffer as all DTE employees were terminated. Therefore, Heneage fails to sufficiently allege a claim for gender discrimination.

### B. Retaliation

In addition to prohibiting gender discrimination, Title VII also prohibits retaliation by making it unlawful "for an employer to discriminate against any of [its] employees or applicants for employment because [she] has opposed any practice that is made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, a plaintiff must show (1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two. *Brooks*, 229 F.3d at 928 (citing *Payne v. Norwest Corp.*, 113 F.3d 1079, 1080 (9th Cir. 1997)).

Here, as above, it is undisputed that *all* DTE employees were terminated and had to apply for open job positions with defendant NEI. Thus, it is undisputed that Heneage did not suffer an adverse employment action that was causally linked to her engaging in protected activity because all employees were terminated, not just her. Therefore, the court finds that Heneage fails to state a claim for retaliation against DTE.

### C. FMLA Retaliation

To establish a claim for retaliation or interference under the Family Medical Leave Act ("FMLA") a plaintiff must allege: (1) that she exercised her rights under the act; (2) defendant engaged in activity designed to chill her exercise of those rights; and (3) the defendant's activities were motivated by the exercise of those rights. *See Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1124-26 (9th Cir. 2001).

In her complaint, Heneage alleges that defendant DTE interfered with her rights under the FMLA by refusing to return her to her supervisory position after she took medical leave for a surgical procedure. *See* Doc. #2. However, once again, it is undisputed that defendant DTE terminated all employees under its control as it no longer was the employer operating the power plant. Thus, there was no position with defendant DTE that she could be returned to. Therefore, the court finds that Heneage fails to state a claim for retaliation against DTE. Accordingly, the court shall grant DTE's motion to dismiss.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #32) is GRANTED. Defendant DTE Energy Services, Inc. is DISMISSED as a defendant in this action.

IT IS SO ORDERED.

DATED this 28th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE