UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NAOMI HENEAGE,

    Plaintiff,

v.

DTE ENERGY SERVICES, INC., a Michigan corporation; and NEWMONT NEVADA ENERGY INVESTMENT, LLC, a Nevada corporation,

    Defendants.

Case No. 3:11-cv-0686-LRH-(WGC)

ORDER

Before the court is defendant DTE Energy's ("DTE") motion for attorney's fees and costs. ECF No. 111. Plaintiff Naomi Heneage ("Heneage") filed an opposition to the motion (ECF No. 113) to which DTE replied (ECF No. 116).

**I.    Facts and Procedural Background**

Defendant Newmont Energy Investment, LLC ("Newmont") owns the TS Power Plant in Dunphy, Nevada. In late 2005, Newmont and DTE entered into a contract for the operation of the power plant whereby DTE would operate the power plant on Newmont's behalf. Under the agreement, DTE was responsible for staffing and running the power plant while Newmont set operating objectives for the plant. To meet its staffing needs, DTE held a job fair in Elko, Nevada, during which plaintiff Heneage applied for a position with DTE. Heneage was eventually hired as a shift supervisor and began her employment at the plant in March 2007.

In early 2010, Newmont unilaterally terminated the operating agreement with DTE effective June 30, 2010. As a result of Newmont's termination of the operating agreement, all DTE power plant employees were terminated on June 30, including Heneage. Defendant Newmont then allowed current DTE employees to apply for retention employment at the plant. Heneage applied for retention employment, but was not retained by Newmont.

On September 23, 2011, Heneage filed a complaint against both DTE and Newmont alleging two causes of action: (1) Title VII gender discrimination and retaliation; and (2) Family Medical Leave Act ("FMLA") retaliation. ECF No 2. In response, defendants filed a motion for judgment on the pleadings (ECF No. 32) which was granted by the court (ECF No. 42). Heneage then appealed the court's order of dismissal to the Ninth Circuit. ECF No. 44. On June 18, 2015, the Ninth Circuit affirmed in-part and reversed in-part the court's order of dismissal. ECF No. 52. In particular, the Ninth Circuit held that Heneage had raised a permissible inference of gender discrimination by defendant Newmont as well as a permissible inference of Title VII retaliation by both defendants. *Id*.

On October 22, 2015, Heneage filed a second amended complaint against defendants alleging two causes of action: (1) Title VII gender discrimination against defendant Newmont; and (2) Title VII retaliation against both defendants. ECF No. 63. In response, DTE filed a motion for summary judgment (ECF No. 87) which was granted by the court (ECF No. 108). Thereafter, DTE filed the present motion for attorney's fees and costs. ECF No. 111.

**II. Discussion**

**A. Attorney's Fees**

In a Title VII action, the court, in its discretion, may allow the prevailing party reasonable attorney's fee. *See* 42 U.S.C. § 2000e-5(k). Generally, "successful plaintiffs in civil rights actions are awarded attorneys' fees as a matter of course." *Salley v. Truckee Meadows Water Auth.*, 2015 WL 1414038, at *7-8 (D. Nev. Mar. 27, 2015). However, "prevailing defendants are awarded fees only in 'exceptional cases,' lest plaintiffs with legitimate claims be deterred from filing suit." *Id*.; *see also Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 968 (9th Cir. 2011) ("Our laws encourage individuals to seek relief for violations of their civil rights, and

2

allow a defendant to recover fees and costs from a plaintiff in a civil rights case only 'in exceptional circumstances' in which the plaintiff's claims are 'frivolous, unreasonable or without foundation.'"). An exceptional case for awarding attorney's fees for a prevailing defendant is a case where the plaintiff's claims were "unreasonable, frivolous, meritless, or vexatious." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 321 (1978). In determining whether a plaintiff's case was frivolous or vexatious, a district court must begin by assessing the claim "at the time the complaint was filed." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006).

The court has reviewed the documents and pleadings on file in this matter and finds that the present action does not constitute an "exceptional case" warranting attorney's fees for defendant DTE. The court finds that at the time of the filing of Heneage's complaint, her claims were not frivolous or vexatious. Although her initial complaint was dismissed by the court, the Ninth Circuit specifically found that she had raised permissible inferences of gender discrimination and Title VII retaliation in her complaint. Thus, her complaint was not unreasonable at the time it was filed. Moreover, judgment was only entered in favor of DTE on Heneage's claims after a substantial evidentiary record had been established and the merits of Heneage's claims could be fully assessed. As such, the court finds that her claims for discrimination and retaliation, although ultimately unsuccessful, were not frivolous, unreasonable, vindictive, or groundless. Therefore, the court finds that attorney's fees are not warranted in this action.

**B. Costs**

DTE also seeks an award of costs. *See* Doc. #127. Rule 54 of the Federal Rules of Civil Procedure governs the awarding of costs to a prevailing party. *See* FED. R. CIV. P. 54. With limited exceptions, a prevailing party is entitled to reasonable costs. In this district, the prevailing party seeking an award of costs must serve and submit a bill of costs to the clerk who makes initial costs determinations. *See* LR 54-1. Therefore, the court shall not award costs at this time.

///

///

IT IS THEREFORE ORDERED that defendant's motion for attorney's fees and costs (ECF No. 111) is DENIED.

IT IS SO ORDERED.

DATED this 8th day of May, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE